**NASA I BUSINESS CENTER,**
Appellant,

v.

**AMERICAN NATIONAL INSURANCE CO. and Gulf Coast Investment Corp.,** Appellees.

No. 01–87–00598–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1988.

Rehearing Denied March 31, 1988.

Charles W. Kelley, Matthew R. Muth, Ross, Griggs & Harrison, Houston, for appellant.

David R. Poage, Goeffrey A. Price, Baker & Botts, Thomas W. McQuage, Barlow, Todd, Cruse & Jordan, Houston, for appellees.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the trial court's dismissal of the case for want of prosecution and a subsequent denial of appellant's motion to reinstate.

On August 1, 1982, appellant filed suit against appellees for damages arising from an alleged wrongful failure to fund a loan commitment.

On April 25, 1985, appellant's present counsel was substituted as counsel of record. Before this substitution, appellant had two previous counsels of record, but there had been very little activity in the case.

Between July 29, 1985, and October 7, 1986, extensive discovery was made, much of it by appellees.

In March of 1987, appellant received notice that the case was on the court's annual dismissal docket, set for April 13, 1987.

On March 16, 1987, appellant's counsel mailed appellees' counsel a trial certification request, which stated that the case was ready for trial. On the next day, appellant filed with the court a motion to retain the case on the docket.

On April 13, 1987, the court dismissed the case for want of prosecution.

On April 23, 1987, after receiving notice from the court that the case had been dismissed, appellant filed a motion to reinstate the case, and asked for an oral hearing on the motion. The court refused to grant an oral hearing, but agreed to consider the motion on written submission.

Appellant then filed a motion to reinstate with notice of written submission.

On May 11, 1987, the court denied appellant's motion to reinstate and refused to certify the case for trial.

In five points of error appellant claims that: (1) the trial court abused its discretion in dismissing the case; and (2) the trial court erred in refusing to grant appellant an oral hearing on its motion to reinstate.

■ The trial court has express power, as well as inherent power, to dismiss cases not prosecuted with due diligence. Tex.R. Civ.P. 165a; *State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984). A trial court's exercise of this power is subject to reversal only upon a showing of clear abuse of discretion. *Id.*

Appellant's case had been on the district court's docket for over four and a half years in April of 1987, when the case was dismissed pursuant to Harris County District Courts Local Rule 7. Rule 7 provides:

*Rule 7: Annual Dismissal Docket*

A. *Date.* On the first Monday of April of each year at 10 a.m., each case which is not set for trial and which has been on file for more than four years shall be set for hearing to show cause why it should not be dismissed for want of prosecution. Unless cause is shown, the case will be dismissed by the court for want of prosecution without further notice.

B. *Notice.* This Rule constitutes Notice to all parties of the Annual Dismissal Docket.

In considering a dismissal for want of prosecution, the trial court may consider the entire history of the case, including any past lack of diligence exhibited by the plaintiff and the length of time the case has been pending on the docket. *State v. Rotello*, 671 S.W.2d at 509; *Sustala v. El-Romnan*, 712 S.W.2d 164, 166 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). It may dismiss the case even when the plaintiff states that he is currently ready for trial. *Id.*

During the two years following the filing, little work was done on the suit that is reflected in the record. However, between July 1985 and October 1986, there were

seven depositions taken and numerous documents produced.

In March 1986, before the dismissal docket was heard, appellant formally notified appellant and the court, in accordance with the local rules, that it considered the case ready for trial.

Although little had been done in the case's early history to prepare it for trial, much had been done in the year and a half immediately before its dismissal.

We note that the case was dismissed at the earliest time possible under Rule 7, and that the case did not linger on the docket much longer than it would have taken to be reached on most Harris County dockets, had absolute diligence been exercised from the date the case was filed.

We are aware that each of these dismissals should be determined on its own facts, and that none of appellant's reasons for retention, standing alone, requires that a court retain the case on the docket. But after considering (1) the length of time on the docket, (2) the fact that appellant had certified before the dismissal docket that it was ready and willing to go to trial, (3) the time and effort made during the year and a half preceeding the dismissal docket, and (4) the fact that appellees did not oppose appellant's motion to retain or reinstate, we are of the opinion that the court abused its discretion in refusing to reinstate the case. Appellant's first point of error is sustained.

Appellant's second point of error complains of the trial court's refusal to set a hearing on its motion to reinstate.

■ The record shows that appellant's motion to reinstate, filed April 23, 1982, included a request for hearing. However, the trial court sent appellant's counsel a memorandum indicating that appellant's motion would be considered only when filed with a notice of submission. Appellant therefore refiled its motion on May 1, 1987, with a notice of written submission. That motion was denied on May 11, 1987.

Texas Rule of Civil Procedure 165a controls the reinstatement procedure for all cases, whether dismissed pursuant to statute or pursuant to the trial court's inherent

power. *Price v. Firestone Tire & Rubber Co.,* 700 S.W.2d 730 (Tex.App.—Dallas 1985, no writ). Rule 165a states:

A motion to reinstate shall set forth the grounds therefore and be verified by the movant or his attorney. It shall be filed with the clerk within thirty (30) days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served upon each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, *who shall set a hearing on the motion as soon as practicable....* TRCP 165a. (Emphasis added.)

The language of rule 165a does not allow the trial court discretion in whether or not to set a hearing on motions to reinstate, but requires that the trial court "shall set a hearing on the motion as soon as practicable." The opportunity for a hearing is clearly mandatory.

In *Calaway v. Gardner,* 525 S.W.2d 262, 264 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), the court made it clear that the movant in a motion to reinstate has the burden of procuring a setting within the time allowed for reinstatement. The *Calaway* court went on to say that:

If such a request had been made and called to the judge's attention, and if the judge had failed to set the case within the time limit, such failure would have been erroneous and reviewable.

*Id.*

Appellee Gulf Coast Investment Corporation argues that Judge Cartwright properly acted pursuant to Harris County Local Rule 2 in denying appellant's hearing. Local Rule 2 provides, in pertinent part:

*Rule 2: Motions*

D. *Oral argument.* The motion or response shall include a request for oral argument if a party views it as necessary. The court may grant that request or order oral argument on its own motion.

This rule does not authorize the trial court to deny a request for a hearing when the right to a hearing is provided by the Texas Rules of Civil Procedure. The Texas Rules of Civil Procedure supersede inconsistent local rules. Tex.R.Civ.P. 817.

The trial court was not authorized to deny appellant a hearing on its motion to reinstate. Appellant's second point of error is sustained.

In view of our disposition of points of error one and two, we need not consider appellant's remaining points of error.

The order of dismissal is reversed, and the cause is remanded for trial.