Nancy BUSH, Individually and as Next Friend of Thomas Victory, Yvette Victory Sims, Noris Victory, and Henry Victory, Appellants,

v.

John W. WARD, M.D., and Fred Grunden, R.N., Appellees.

No. 09–87–151 CV.

Court of Appeals of Texas, Beaumont.

Feb. 25, 1988.

Karen A. Lerner, Houston, for appellants.

A.W. Davis, Jr., Newton, John D. Rienstra, Jr., Mehaffy, Weber Keith & Gonsoulin, Beaumont, James J. Zeleskey, Zeleskey, Cornelius, Rogers, Hallmark & Borgfeld, Lufkin, for appellees.

## OPINION

BURGESS, Justice.

This is an appeal arising from a dismissal of a medical malpractice case for want of prosecution and the subsequent denying of a motion to reinstate. Appellants urge several points of error concerning the underlying dismissal. We need not consider those since the procedure involved in the motion to reinstate was flawed.

*TEX.R.CIV.P. 165a(3)* deals with reinstatement. It states:

3. **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deem overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

The former rule, stated in pertinent part:

A motion for reinstatement shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk, and a copy shall be served on each attorney of record and each party not represented by an attorney. The court shall set the motion for hearing as soon as practicable and notify all parties or their attorneys of record of the date, time and place of the hearing.

*TEX.R.CIV.P. 165a* (Vernon 1979).

Appellants' point of error is extremely broad in that it merely avers that the trial court erred in overruling the motion to reinstate. Appellants' argument points out that a hearing was not held on the motion and goes on to present argument on the merits of the motion to reinstate. We need not reach the merits and expressly decline to do so. Although the order reflects a hearing was held, appellees agree that no hearing was held on the motion, but argue there was no effort on the part of appel-

lants to obtain a hearing on the motion. Appellees' argument would have been well taken prior to the amendment of the rule. There is ample authority under the old rule which holds that the burden was on the movant to present the motion to the court and to secure a hearing. *See, e.g., Hensley v. Amber Sky, Inc.,* 624 S.W.2d 774 (Tex. App.—Beaumont 1981, no writ); *Estate of Bolton v. Coats,* 608 S.W.2d 722, 729 (Tex. Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Willis v. Barron,* 604 S.W.2d 447, 449 (Tex. Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Calaway v. Gardner,* 525 S.W.2d 262, 264 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). *Calaway* and *Willis* hold that if a request had been timely made and called to the judge's attention, then the failure to set a hearing would have been erroneous and reviewable.

■ When the rule was amended, it was apparently intended to remedy the problem associated with the filing of motions and the setting of hearings. The rule now clearly places the burden upon the clerk to deliver the motion to the judge who shall set a hearing. The rule further requires the judge to reinstate upon finding *after a hearing* that the failure was not intentional or as a result of conscious indifference or that the failure has been otherwise reasonably explained. When the intent clearly indicates that the word shall is intended to be mandatory, it is inconsistent with any idea of discretion and is mandatory. *Jaynes v. Lee,* 306 S.W.2d 182, 185 (Tex. Civ.App.—Texarkana 1957, no writ). The rule clearly intends for the court to conduct a hearing and to make or refuse to make findings. *See Knight v. Trent,* 739 S.W.2d 116 (Tex.App.—San Antonio 1987, no writ).

■ The trial court's failure to conduct a hearing and to deny the motion to reinstate without such a hearing is clearly erroneous and requires reversal. We decide this issue solely upon the procedural facet and expressly decline to review appellants' contentions raised by the motion to reinstate.[1]

The judgment dismissing the case is reversed and it is ordered reinstated.

REVERSED AND REINSTATED.

---

1. We will not dignify the allegations of prejudice by appellants' counsel by quoting them in