**GULF COAST INVESTMENT CORPORATION and American National Insurance Company, Petitioners,**

v.

**NASA 1 BUSINESS CENTER, Respondent.**

**No. C–7441.**

Supreme Court of Texas.

July 6, 1988.

the court "shall notify all parties or their attorneys of record of the *date, time and place of the hearing*" (emphasis added).

 Not every hearing called for under every rule of civil procedure, however, necessarily requires an oral hearing. Rule 7, Rules of Judicial Administration, provides, in part, as follows:

> A district or statutory county court judge shall:
>
> . . . .
>
> (4) utilize to the extent consistent with safeguarding the rights of litigants to the just processing of their causes, methods to expedite the disposition of cases on the docket of the court, including
>
> . . . .
>
> (b) the use of telephone or mail in lieu of personal appearance by attorneys for *motion hearings.* . . .

(Emphasis added.) Unless required by the express language or the context of the particular rule, therefore, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court.

Thomas W. McQuage, Barlow, Todd, Crews & Jordan, Galveston, Joe R. Greenhill, Baker & Botts, Austin, Lee H. Rosenthal, Geoffrey A. Price, John Zavitsanos, Baker & Botts, Houston, for petitioners.

Charles W. Kelly, Matthew R. Muth, Griggs & Harrison, Houston, for respondent.

## OPINION ON APPLICATIONS FOR WRIT OF ERROR

PER CURIAM.

The applications for writ of error are denied.

The court of appeals correctly held that the trial court abused its discretion in refusing to hold an oral hearing on respondent's motion to reinstate 747 S.W.2d 36. It is clear that an oral hearing is required on any timely filed motion to reinstate under TEX.R.CIV.P. 165a. The rule requires that the judge "shall set a hearing on the motion as soon as practicable," and that