**Pearlie REED, Appellant,**

v.

**CITY OF DALLAS, Dallas Transit System/Dallas Area Rapid Transit System, and James Austin, Appellees.**

**No. 05–88–01396–CV.**

Court of Appeals of Texas, Dallas.

July 6, 1989.

Rehearing Denied Aug. 16, 1989.

---

James R. Jones, Houston, for appellant.

John T. Hoeft, Dallas, Ward Allen White, III, Austin, Richard Ramirez, Dallas, for appellees.

Before HOWELL, BAKER and OVARD, JJ.

BAKER, Justice.

This appeal is from the trial court's order dismissing Reed's case for want of prosecution. We agree with Reed that the trial court abused its discretion by failing to hold an oral hearing on her motion to reinstate, and we reverse and order the trial court to conduct a hearing on Reed's motion to reinstate.

This case was set for trial on the merits for October 3, 1988. Prior to that date, Reed's attorneys had filed a motion to withdraw. Reed's attorneys filed a motion for continuance on October 3, when the case was called for trial. The trial court overruled the motion for continuance and, when Reed announced not ready, dismissed the suit for want of prosecution.

Reed timely filed a motion to reinstate and a request for an oral hearing on her motion at the court's earliest convenience. No hearing was set or held, and, subsequently, the motion to reinstate was overruled by operation of law.

In her first point of error, Reed contends that the trial court abused its discretion by failing to hold an oral hearing on her motion to reinstate as is required by rule 165a of the Texas Rules of Civil Procedure. We agree. Rule 165a of the Texas Rules of Civil Procedure provides in pertinent part:

> A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

TEX.R.CIV.P. 165a. This language does not permit the trial court discretion in whether to set a hearing on a motion to reinstate, and the plain language of the rule requires that the trial court "shall set a hearing on the motion as soon as practicable." The trial court's duty is clear, and the rule is mandatory.

The trial court's failure to set and conduct a hearing is erroneous and requires reversal. *See NASA I Business Center v. American Nat'l Ins. Co.*, 747 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.]), *writ denied per curiam*, 754 S.W.2d 152 (Tex. 1988); *Bush v. Ward*, 747 S.W.2d 43, 45 (Tex.App.—Beaumont 1988, no writ). We sustain Reed's first point of error.

Because of our disposition of the first point of error, it is not necessary to consider Reed's second point of error. We reverse the trial court's order of dismissal and order the trial court to conduct a hearing on Reed's motion to reinstate.

HOWELL, J., dissents.

HOWELL, Justice, dissenting.

I dissent from the majority's failure to grant the proper relief. The court below has clearly failed to follow the procedure prescribed by the rules of civil procedure. The only proper remedy is to reverse and remand this case for trial upon its merits.

Our majority purports to follow two authorities, but it has failed to apply the teaching of either case. The first authority, *NASA I Business Center v. American Nat'l Ins. Co.*, 747 S.W.2d 36 (Tex.App.—Houston [1st Dist.]), *writ denied per curiam*, 754 S.W.2d 152 (Tex.1988), holds, "The trial court was not authorized to deny appellant a hearing on its motion to reinstate.... *[T]he cause is remanded for trial.*" *NASA*, 747 S.W.2d at 39 (emphasis added). The per curiam opinion of the Supreme Court on application for writ of error contains some indication that the correct remedy had been applied. *See* 754 S.W.2d at 153. The second authority, *Bush v. Ward*, 747 S.W.2d 43 (Tex.App.—Beaumont 1988, no writ), in the identical circumstances, granted the identical relief concluding, "The judgment dismissing the case is reversed and it is ordered reinstated." *Id.* at 45.

Our majority cites no authority for its action in remanding the case for the limited purpose of conducting a hearing on the motion to reinstate. The majority departs from both of the cases relied upon; those cases take the position that, upon reversal of a dismissal for want of prosecution for failure to conduct a proper reinstatement hearing, the case must be reinstated on the trial court's docket for all purposes.

It has been suggested that the result reached by our majority is dictated by *Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574 (Tex.App.—Dallas, 1989). *Averitt*, however, differs on two points: (1) it did not involve a dismissal for want of prosecution but instead involved a default judgment; and (2) the default judgment was entered as a discovery sanction. At the time that *Averitt* was decided by our court it appears that the defaulting party had still never complied with the discovery request. Thus, it was necessary to remand the case for a hearing on the motion to compel discovery. AT 576. If our Court had simply reinstated *Averitt* for trial on its merits, it would have left the offended party completely without his discovery. This, we could not do. The case now at hand involves no unanswered discovery

proceedings; it is distinguishable from *Averitt*.

Nothing herein should be read as an intimation that dismissals for want of prosecution should be measured by different standards from defaults. To the contrary, the same standards are applicable. Default is a permissible remedy when the defendant fails to appear or otherwise fails to conduct his defense in accordance with the requirements of the rules of civil procedure. Dismissal is a correlative remedy when the plaintiff engages in similar conduct, nonconduct, or misconduct. Comparable acts or omissions demand comparable actions by the court, regardless of the side of the docket that might be involved.

Reference to default cases brings into view our decision in *NBS Southern, Inc. v. The Mail Box, Inc.*, 772 S.W.2d 470 (Tex. App.—Dallas, 1989). In that case, the plaintiff was deprived of its default because it had failed to offer evidence at the default hearing that the party served was indeed the agent of the defendant for service of process. We held that the admission of the defendant—purportedly made at the hearing on motion for new trial—that the party served was actually his process agent did not cure the omission that occurred at the original default hearing. AT 472. The comparable remedy in the case at hand is to remand the case for trial, not just for the reinstatement hearing that was denied.

The results reached in *NASA, Bush,* and *NBS* are precedential. The same result should be applied here. Not only is such result justified by history, it is justifiable on sound policy grounds. Dismissals and defaults are strong medicine, among the harshest remedies in the judicial arsenal. They must be applied sparingly. The law prefers that cases be disposed on their merits wherever possible. Those who invoke these strong remedies must be held to strict standards of performance, else the remedy be unjustly awarded. As a safeguard against misapplication of the remedy, procedural requirements must be followed and reinstatement must be the nor-

mal remedy when those requirements are not followed.

Moreover, a remand solely for the hearing that was improperly denied will not necessarily cure the original deprivation. The ordinary demand of due process is that a party be heard before, not after, judgment has been given. A post-judgment hearing, no matter how plenary, will not in all instances cure the original deprivation. *See Armstrong v. Manzo,* 380 U.S. 545, 550–51, 85 S.Ct. 1187, 1190–91, 14 L.Ed.2d 62 (1965).

We are fortunate to have competent, conscientious, and hard-working judges on the benches in our trial courts. We must nevertheless be mindful that they are human beings and that self-justification is a strong component of the human personality. No trial judge worthy of his position takes pleasure in being reversed by an appellate court; certain judges will, on occasion, take umbrage. Whether this or any other case should be reinstated on the trial court's docket calls for the weighing of considerations of the most subjective and subtle nature. By limiting the remand as it has, our majority has exposed this appellant to the ultimate legal sanction before a tribunal that will undoubtedly attempt to be fair but nonetheless may not be totally able to divorce itself from human fallibility.

We also should not lose sight of the prophylactic factor. One of the strongest arguments for uniformly setting aside defaults and reinstating cases generally, rather than allowing belated proof at a new trial hearing, or any other after-the-fact hearing, that the default was properly taken, is that such approach puts upon notice those who wish to claim defaults that they must, in the first instance, strictly comply with the requirements of the law if they are to receive this ultimate remedy. Similarly, we should fashion the relief granted in today's case so as to encourage the trial bench to see to it that hearings on motions for reinstatement are timely scheduled and duly conducted. Plainly, that goal is not well-served when we do no more than send the case back for the hearing that should

have been conducted as a matter of course in the first place.

With respect to the remedy applied in this case, I dissent. The case must be reversed and remanded for trial.