**Michael MATHESON, Appellant,**

v.

**AMERICAN CARBONICS, Baxter Healthcare and Vianet Houston, Inc., Appellees.**

**No. 06–93–00077–CV.**

Court of Appeals of Texas, Texarkana.

Dec. 14, 1993.

G. Morris Hamm, Schindler & Hamm, Houston, for appellant.

Arthur F. Almquist, Mehaffy & Weber, Houston, Doreen C. Abraham, SouthLake, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Michael Matheson appeals from the trial court's order dismissing his case for want of prosecution. Matheson contends that the trial court's failure to hold a hearing on his motion to reinstate as required by Texas Rule of Civil Procedure 165a constitutes an abuse of discretion. We agree and reverse.

This lawsuit was filed October 6, 1992. Two defendants duly answered; one did not answer. Discovery was proceeding, and a motion for summary judgment was filed. On March 25, 1993, the trial court sent a notice that the case was to be dismissed for want of prosecution unless a "motion to retain with an order" was filed by April 12, 1993. No motion to retain was filed. On April 26, 1993, the trial court dismissed the case for want of prosecution. On May 20, 1993, a motion to reinstate was filed. A hearing was requested while the court retained plenary power over the judgment. Without a hearing, the motion was denied on July 7, 1993.

■ Rule 165a(3) provides that a judge *shall* set a hearing on a motion to reinstate as soon as practicable and notify all parties or their attorneys of record of the date, time, and place of the hearing. Tex.R.Civ.P. 165a(3).[1] The rule is mandatory, and the trial court has no discretion about whether to set a hearing on the motion. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991). An oral hearing is required on any timely filed motion to reinstate. *Gulf Coast Inv. Corp. v. Nasa 1 Business Ctr.*, 754 S.W.2d 152, 153 (Tex.1988).[2]

■ One of the appellees asserts that Matheson cannot claim that the trial court erred in failing to conduct a hearing because Matheson has not created a sufficient record showing his request, citing *Cabrera v. Cedar-apids Inc.*, 834 S.W.2d 615, 618 (Tex.App.—

---

1. Tex.R.Civ.P. 165a(3) provides:

    **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

    The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

    In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judg-

ment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

2. Of course, a movant may affirmatively waive a hearing on the motion to reinstate. *Cf. Kelly v. Cunningham*, 848 S.W.2d 370, 371 (Tex.App.— Houston [1st Dist.] 1993, no writ) (movant, by voluntarily placing the motion on the court's submission docket, was estopped from complaining of the trial court's failure to hold an oral hearing). Matheson, however, did not affirmatively waive his right to a hearing. Although Matheson did not immediately request an oral hearing, he did request one, as indicated by a notation on the court's docket sheet. Matheson apprised the trial court, before its plenary power expired, that Rule 165a imposes a mandatory duty upon the court to hold such a hearing.

Houston [14th Dist.] 1992, writ denied). The *Cabrera* decision appears to squarely support his proposition and appears to be consistent with other decisions of that court of appeals. *See Stromberg Carlson v. Central Welding,* 750 S.W.2d 862 (Tex.App.—Houston [14th Dist.] 1988, no writ). However, we conclude that *Cabrera* was incorrectly decided.

The law had long been, as stated in *Cabrera,* that the movant had the affirmative duty to request a hearing, but the Texas Supreme Court, by amendment to Rule 165a in 1983, changed the law, as pointed out in *Bush v. Ward,* 747 S.W.2d 43, 45 (Tex.App.—Beaumont 1988, no writ). The Beaumont Court of Appeals compared Rule 165a(3) with the pertinent part of former Rule 165a. Based on its analysis, the court determined that the rule's amendment was apparently intended to remedy problems associated with the filing of motions to reinstate and the setting of hearings thereon. *Bush,* 747 S.W.2d at 45. The court observed that the rule now requires the clerk to deliver a copy of the motion to the judge, who shall set a hearing, and that upon proper findings *after a hearing,* the judge is to reinstate the cause. *Id.* It held that for the trial court to deny the motion to reinstate without first conducting a hearing is clearly erroneous. *Id.* We agree with this rationale.

As earlier stated, the court is required to conduct a hearing on a timely filed motion to reinstate. TEX.R.CIV.P. 165a; *Thordson,* 815 S.W.2d at 550; *Gulf Coast Inv. Corp.,* 754 S.W.2d at 153. Whether or not the movant requests a hearing on a motion to reinstate is irrelevant; a hearing is required unless waived. The trial court abused its discretion by denying Matheson's motion to reinstate without conducting an oral hearing.

The order dismissing Matheson's case is reversed.