In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-163 CV


____________________



D&R OIL, L.L.C., Appellant



V.



MOHAMMAD SALMAN, OBAID RUDDIN, 


SAYED SHAH, AND STOP N DRIVE, Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 00-03-01947-CV






 MEMORANDUM OPINION 


 This appeal arises from the trial court's dismissal of D&R Oil, L.L.C.'s ("D&R")
tortious interference and breach of contract case. The trial court, without conducting a
hearing, dismissed D&R's case for want of prosecution and subsequently denied its motion
to reinstate. D&R complains of two issues on appeal. First, D&R requests that we reverse
the trial court and order reinstatement of its lawsuit. Second, D&R requests that we remand
the case and order that the trial court conduct a hearing on its motion to reinstate. We agree
that the Rules of Civil Procedure require the trial court to conduct a hearing and therefore, 
reverse and remand this cause to the trial court to conduct a hearing on D&R's motion to
reinstate.

Procedural Background

 D&R filed its petition and amended petition on March 30, 2000 and March 1, 2001,
respectfully. On January 11, 2005, the trial court dismissed D&R's case for want of
prosecution. D&R timely filed its motion to reinstate and requested a hearing, which was
set for March 9, 2005. However, the trial court denied D&R's motion on March 7, 2005
without a hearing. 

Applicable Law

 Texas Rule of Civil Procedure 165a(3) provides that upon the filing of a motion to
reinstate, the judge "shall set a hearing on the motion as soon as practicable" and "notify all
parties or their attorneys of record of the date, time and place of the hearing." Tex. R. Civ.
P. 165a(3) (emphasis added). The rule is mandatory and it is not within the discretion of the
trial court to refuse to conduct an oral hearing on a motion to reinstate. Thordson v. City of
Houston, 815 S.W.2d 550, 550 (Tex. 1991). The rules of procedure and cases interpreting
them require an oral hearing on any timely filed motion to reinstate. Gulf Coast Inv. Corp.
v. Nasa 1 Bus. Ctr., 754 S.W.2d 152, 153 (Tex. 1988); see also Thordson, 815 S.W.2d at
550. Thus, the refusal to conduct a hearing on a motion to reinstate requires that we reverse
the trial court's dismissal of the suit. See Thordson, 815 S.W.2d at 550; Gulf Coast Inv.
Corp., 754 S.W.2d at 153; Matheson v. American Carbonics, 867 S.W.2d 146, 148 (Tex.
App.-Texarkana 1993, no writ). 

 D&R relies heavily on an earlier opinion from this Court in its argument that we
should reverse the trial court's dismissal of its lawsuit and order the reinstatement of its case. 
See Bush v. Ward, 747 S.W.2d 43 (Tex. App.-Beaumont 1988, no writ). D&R notes that we
ordered that matter reinstated. However, we do not agree that the Bush opinion stands for
the proposition that we must rule on the grounds presented in a motion to reinstate and
determine whether good cause is established in a motion to reinstate as a matter of law. See
id. at 45. The Bush Court stated that the rule "clearly intends for the court to conduct a
hearing." Id. Moreover, the Court expressly declined to review the appellant's contention
raised in its motion to reinstate. See id. at 44. Accordingly, viewing the opinion in its
entirety, we consider the "REVERSED AND REINSTATED" language to be the Court's
directive to the trial court to conduct a hearing on the motion for reinstatement. See id. In
Thordson, the Supreme Court remedied the trial court's error by reversing, remanding, and
ordering a hearing on a motion for reinstatement. See Thordson, 815 S.W.2d at 550. We do
the same here.

 The trial court abused its discretion by denying D&R's motion to reinstate without
conducting an oral hearing pursuant to D&R's timely filed motion. Therefore, we reverse
the trial court's judgment, remand the case, and instruct the trial court to conduct an oral
hearing on D&R's motion to reinstate as required by Texas Rule of Civil Procedure 165a. 
 REVERSED AND REMANDED.




 ____________________________

 HOLLIS HORTON

 Justice


Submitted on June 6, 2006

Opinion Delivered August 24, 2006

Before McKeithen, C.J., Kreger and Horton, JJ.