**AFFIRM; and Opinion Filed June 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00634-CV

**TODD PRUETT, Appellant**
**V.**
**MICHAEL PITTMAN, M.D., Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-07463**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

Todd Pruett, pro se, appeals the trial court's order dismissing his lawsuit against Michael Pittman, M.D. for failure to serve an expert report. In several issues, he argues that the trial court erred by concluding that his cause of action against Pittman was a health care liability claim, dismissing his lawsuit for failure to serve an expert report, not recording the dismissal hearing, and not holding a hearing on his motion to reinstate. Because the issues are settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), .4. We affirm the trial court's order.

### BACKGROUND

In April 2011, a jury found appellant not guilty of retaliation by reason of insanity. The trial court ordered appellant committed to a state hospital for inpatient mental health services. In November 2011, the state hospital recommended that appellant be discharged because he did "not have a mental illness that interferes with his ability to understand right from wrong . . . ."

Appellant was transferred to the Dallas County jail for the trial court's determination of whether to discharge appellant or order his continued inpatient treatment. The court ordered several psychiatric evaluations, and Pittman performed the evaluations. Pittman diagnosed appellant with paranoid schizophrenia and recommended continued inpatient treatment. Shortly thereafter, appellant filed a lawsuit against the trial judge and others involved in his criminal case.[1] He then amended his petition to add Pittman as a defendant and alleged claims against Pittman for negligence, fraud, and conspiracy.[2] By October 2012, appellant had been transferred to Terrell State Hospital.

In December 2012, appellant amended his petition against Pittman "to show support of common cause of fraud." Appellant alleged that Pittman's reports falsely stated that appellant consented to the evaluations when he actually refused to give his consent without his attorney present; Pittman did not follow the "proper and correct court procedure" for evaluating a party who "had just been given a not guilty by reason of insanity verdict"; Pittman falsified the evaluation reports; Pittman's misrepresentations caused appellant injury because "his reports have been used to accompany [appellant's] medical records back to the Terrell St. Hospital and these falsified reports could keep [appellant] in the hospital for years or indefinitely"; and Pittman's misrepresentations injured appellant because they caused "him to be put on major psychotropic medicine that caused physical and mental harm."

Pittman moved to dismiss appellant's lawsuit. He alleged that appellant's claims were health care liability claims for which appellant did not serve an expert report. The trial court granted Pittman's motion, dismissed appellant's lawsuit against Pittman with prejudice, and ordered appellant to pay Pittman $4,000 in attorney's fees. Appellant raises several issues on

---

[1] Those claims were the subject of a separate appeal in *In re Pruett*, No. 05-13-00378-CV, 2014 WL 1031035 (Tex. App.—Dallas Mar. 14, 2014, no pet. h.) (mem. op.).

[2] Appellant's original petition and at least one amended petition against Pittman are not in the appellate record.

appeal, primary of which is whether the trial court abused its discretion by dismissing his lawsuit against Pittman.

## I. HEALTH CARE LIABILITY CLAIM

### Standard of Review

We ordinarily review a claim that a trial court improperly granted a motion to dismiss for failure to serve an expert report under the abuse of discretion standard. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2013). However, whether a cause of action is a health care liability claim is a legal question which we review de novo. *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). In analyzing the cause of action, we focus on the facts underlying the claim and not the language used in the plaintiff's pleadings or the legal theories asserted. *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012); *Groomes v. USH of Timberlawn, Inc.*, 170 S.W.3d 802, 805 (Tex. App.—Dallas 2005, no pet.).

### Analysis

We begin our analysis by considering issues five through seven in which appellant argues that the trial court erred by dismissing his lawsuit for failure to serve an expert report. Appellant contends that his cause of action against Pittman is not a health care liability claim.

The Medical Liability Act defines "health care liability claim" as

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). A health care liability claim has three basic elements: (1) the defendant is a physician or health care provider; (2) the claim concerns treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and

–3–

(3) the defendant's alleged act or omission proximately caused the claimant's injury. *Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 758 (Tex. 2014). "[T]he Medical Liability Act 'creates a rebuttable presumption that a patient's claims against a physician or health care provider based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement' are health care liability claims." *Id.* (quoting *Loaisiga*, 379 S.W.3d at 252).

The parties in this case do not dispute the first element of a health care liability claim—that Pittman is a physician. And appellant alleges that Pittman's evaluation reports caused him injury by requiring him to remain confined in a mental hospital for longer than necessary, possibly indefinitely, and to take psychotropic drugs which he says he does not need. For purposes of our analysis, we will presume the truth of appellant's causation allegations, which go to the third element of a health care liability claim. *See Matthew D. Barrows, M.D, P.A. v. Carnes*, No. 05-13-01065-CV, 2014 WL 2535277, at *2 (Tex. App.—Dallas June 5, 2014, no pet. h.). The only element in dispute then is the second element—whether appellant's cause of action is "based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement." *See Bioderm*, 426 S.W.3d at 759.

The following facts are undisputed. Appellant was confined in a state hospital after having been found not guilty by reason of insanity. He was transferred from the state hospital to the Dallas County jail for a hearing which would determine whether the trial court discharged him or ordered his continued confinement. Pittman conducted court-ordered psychiatric evaluations of appellant and reported his findings and conclusions to the trial court to assist the court in making its decision about appellant's confinement. Pittman's evaluation reports stated that appellant met the criteria for inpatient treatment. Pittman concluded that appellant "has a severe mental illness, paranoid schizophrenia, and he needs to be returned to the hospital."

–4–

Appellant asserted that his claims were about Pittman's "examination reports." He asked the court to appoint "another psychiatrist to review the entire case and history and re-diagnose Dr. Pittman's fraudulent examination and report[.]" He asserted that his "main claims . . . were a legal issue" asserting that Pittman "broke the law by not reporting" a violation of procedure for evaluating a person who had been found not guilty by reason of insanity. And he asserted that Pittman "perjured and made false statements" in his reports, "obstructed justice . . . by filing a fraudulent report," engaged in a "conspiracy" with the trial judge to conduct "fraudulent and unnecessary examinations/reports to keep himself from getting in trouble so to hide the truth and make up lies," and "tampered with evidence . . . to incriminate appellant."

We conclude that appellant's claims arise from Pittman's psychiatric evaluations and, as a result, are "based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement." *See id*. Consequently, the rebuttable presumption that appellant's cause of action against Pittman is a health care liability claim applies here. *See id*. The only way appellant may rebut the presumption is by proving that his claims do not allege a cause of action for "treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13); *see Bioderm*, 426 S.W.3d at 760.

The Medical Liability Act defines "medical care" as "any act defined as practicing medicine under Section 151.002, Occupations Code, performed or furnished, or which should have been performed, by one licensed to practice medicine in this state for, to, or on behalf of a patient during the patient's care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(19). The Occupations Code defines "practicing medicine" as "the diagnosis, treatment, or offer to treat a mental or physical disease or disorder . . . by a person who . . . publicly professes to be a physician." TEX. OCC. CODE ANN. § 151.002(a)(13) (West Supp.

2013).  "Health care" is defined broadly as "any act . . . performed . . . by any health care provider for [or] to . . . a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(10).  If expert medical or health care testimony is necessary to prove or refute the merits of the claim, the cause of action is a health care liability claim. *Bioderm*, 426 S.W.3d at 760.

We conclude that all of appellant's claims derive from Pittman's assessment of appellant's mental health and recommendation for continued inpatient treatment. *See Groomes*, 170 S.W.3d at 806.  In addition to appellant's other allegations, he asserted that he "had only briefly been at the hospital and was not anywhere close to being ready or eligible for any out-patient hearing and plan" and that if Pittman had "studied the records, he would have realized appellant had been a short time at the hospital, that the commitment had not even begun and a hearing for discharge was not supposed to be for another 7 months."  Appellant alleged that Pittman committed "obvious negligence and malice" by reporting that appellant was "severely mentally ill" when his doctor at the state hospital said two months earlier that he showed "no signs of mood disorder or psychotic symptoms."  Appellant's claims implicate how Pittman conducted the psychiatric evaluations, whether he followed proper procedures, whether he obtained appellant's consent before conducting the evaluations, and his diagnosis and recommendations for treatment.  As such, these claims are inseparable from appellant's health care. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 849 (Tex. 2005).

Additionally, in our analysis we may consider whether expert testimony is required to prove or refute the merits of the claims. *See Bioderm*, 426 S.W.3d at 760.  Appellant does not argue that expert testimony is not required to prove his claims against Pittman.  And we conclude that appellant must present expert testimony to prove his claims because they implicate the standard of care relevant to the assessment of a mental patient, obtaining consent to conduct a

psychiatric evaluation, and diagnosing a psychiatric condition. *See Groomes*, 170 S.W.3d at 806. Because expert testimony is required to prove or refute the merits of appellant's claims, appellant has not rebutted the presumption that his cause of action against Pittman is a health care liability claim. *See Bioderm*, 426 S.W.3d at 760, 763.

Any person who files a lawsuit asserting a health care liability claim must serve an expert report for each physician sued within 120 days from the date the original petition was filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If the claimant does not serve the expert report as required, the trial court must dismiss the claim with prejudice on motion by the defendant physician. *Id*. § 74.351(b). Because appellant did not serve an expert report as required by the statute, the trial court did not abuse its discretion by dismissing his lawsuit. *See Bioderm*, 426 S.W.3d at 763. We resolve issues five, six, and seven against appellant.

## II. ADDITIONAL ISSUES ON APPEAL

Having determined that appellant's cause of action against Pittman is a health care liability claim, we now consider issues one through four.

**Record of dismissal hearing.** In issue one, appellant argues that the trial court erred by failing to make a record of the hearing on Pittman's motion to dismiss. Appellant participated in the hearing by telephone and argues that he asked that the hearing be recorded and was not aware it was not being recorded. He contends that by not making a record, the trial court violated his constitutional rights and deprived him of a fair and accurate hearing. Appellant did not raise his constitutionality argument below and, as a result, that issue is not properly before us. *See* TEX. R. APP. P. 33.1. Additionally, appellant does not cite authority stating that a hearing on a motion to dismiss must be recorded, and we have found none. Appellant does not dispute that he participated in the hearing, and he does not argue how the failure to record the hearing resulted in

an unfair and inaccurate hearing.  *See* TEX. R. APP. P. 38.1(i).  We resolve issue one against appellant.

**Hearing on motion to reinstate.**  In issue two, appellant argues that the trial court erred when he did not hold a hearing on appellant's motion to reinstate his lawsuit after it was dismissed for failure to serve an expert report.  Appellant cites *Bush v. Ward*, 747 S.W.2d 43 (Tex. App.—Beaumont 1988, no writ), to support his argument.  *Bush* involved a medical malpractice lawsuit that was dismissed for want of prosecution.  *Id*. at 44.  Unlike the *Bush* case, appellant's lawsuit was dismissed for failure to serve an expert report under chapter 74 of the civil practice and remedies code.  As a result, *Bush* does not apply to appellant's case.

Additionally, chapter 74 does not provide a mechanism for filing a motion to reinstate a lawsuit dismissed under that chapter.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001–.507 (West 2011 & Supp. 2013).  And appellant does not cite authority authorizing him to file a motion to reinstate a lawsuit dismissed under chapter 74.  We resolve issue two against appellant.

**Pittman's alleged misconduct.**  In issue three, appellant argues that "Defendant and court psychiatrist Dr. Michael Pittman, M.D. [sic] . . . was conferring with officials and Assist. D.A.'s in and on the D.A.'s floor [which] proves Dr. Pittman acted out of physician/official capacity and committed misconduct and awaits further investigation."  Appellant does not argue or explain how this issue affects his appeal.  *See* TEX. R. APP. P. 38.1.  We resolve issue three against appellant.

**Expert report requirement.**  In issue four, appellant argues that an expert could not "show the causal injury and harm done by Dr. Pittman" without a copy of all six of Pittman's reports and states that he had asked for but had not received all of those reports.  He also argues that because he is indigent, he cannot afford to hire an expert.  We understand that an indigent

claimant who files a health care liability claim without the assistance of an attorney would find it difficult if not impossible to retain an expert to prepare a report in compliance with the statute. However, the statute does not make exceptions for serving an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001–.507. We resolve issue four against appellant.

## CONCLUSION

We affirm the trial court's order dismissing with prejudice appellant's cause of action against Pittman.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130634F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TODD PRUETT, Appellant

No. 05-13-00634-CV        V.

MICHAEL PITTMAN, M.D., Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-07463.
Opinion delivered by Justice Lang-Miers,
Justices Myers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 18th day of June, 2014.


/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE