

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00388-CV

———————————————

BERNARDO ORTIZ, Appellant

V.

CARLOS RODRIGUEZ; GRAVES MF TX VICKERY, LLC; AND RUSH
GRAVES, Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-304897-18

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Bernardo Ortiz appeals from the trial court's orders dismissing his petition for want of prosecution and denying his request to reinstate. Because Ortiz did not ensure that his case was disposed within the promulgated time standards and did not establish that he prosecuted his case with due diligence, the trial court did not abuse its discretion by dismissing Ortiz's petition. And because Ortiz did not reasonably explain his failure to prosecute, the trial court's refusal to reinstate his case was not an abuse of discretion. Accordingly, we affirm the trial court's orders.

## I. BACKGROUND

On December 11, 2018, Ortiz filed suit against appellees Carlos Rodriguez, Rush Graves, and Graves's company Graves MF TX Vickery, LLC (Vickery). The suit arose from a real-property transaction in which Ortiz bought a piece of property from Graves and Vickery. Rodriguez allegedly acted as Graves and Vickery's agent for the sale. Ortiz alleged that Rodriguez could be served at an address in Carrollton, that Vickery could be served at an Arlington or at a Fort Worth address,[1] and that Graves could be served at the same Arlington address or at a Kennedale address. Over the next six months, Ortiz took no action on his case.

On June 10, 2019, the trial court signed an order of intent to dismiss Ortiz's case for want of prosecution. The order instructed Ortiz to file a motion to maintain,

---

[1]The Arlington address was for Graves as Vickery's "managing member"; the Fort Worth address was for Vickery's registered agent for service.

setting forth the case's status and good cause to maintain the case on the court's docket, no later than July 3. Ortiz filed a motion to retain on July 3, arguing that he had taken no action on his case because he could not locate Rodriguez or Graves because both had moved. The trial court granted the motion.

The next day, the trial court notified Ortiz that it would dismiss his suit for want of prosecution at an October 3 dismissal hearing for failing to effect service of process. But the trial court gave Ortiz until September 26 to file a motion to retain. On August 14, a private process server filed a return in which he stated that he had attempted to serve Rodriguez at the Carrollton address Ortiz had provided for Rodriguez, but discovered that Rodriguez had not lived there "in several years." On September 27, Ortiz filed a motion to retain and again stated that he had not been able to serve Rodriguez or Graves because they had moved. The trial court granted the motion and removed the case from its October 3 dismissal docket.

On October 1, Ortiz successfully served Graves and Vickery at Graves's Kennedale address Ortiz had listed in his petition, which had been filed almost ten months before. Both timely answered Ortiz's petition and filed special exceptions. On December 20, Ortiz responded to Graves and Vickery's discovery requests. On January 28, 2020, the trial court granted Graves and Vickery's special exceptions and ordered Ortiz to replead no later than January 31. When Ortiz amended his petition on January 31, he listed the same addresses for service on Rodriguez, Graves, and

Vickery that he had listed in his original petition, and he noted that Graves and Vickery had previously been served.

On July 13, the trial court signed a notice of its intent to dismiss Ortiz's case for want of prosecution and set the case for a September 2 hearing "via submission," warning that the case would be dismissed "unless good cause exists for it to be retained." The notice was issued "[i]n accordance with Tex. R. Civ. P. 165a and the Court's inherent power to dismiss." The trial court gave Ortiz until August 31 to file a motion to retain setting forth the case's status as well as good cause to retain the case on the docket. Ortiz filed nothing, and the trial court dismissed his suit for want of prosecution under Rule 165a and its inherent power on September 3.

Ortiz filed a verified motion to reinstate his case in early October. He asserted that Graves and Vickery had "been served and answered the petition and these parties have exchanged some written discovery." Regarding Rodriguez, Ortiz stated that he had located an address in Collin County[2] and that he would "request new citation be issued and served" if the case were reinstated. Finally, Ortiz contended that his failure to prosecute or obtain service was not intentional or based on conscious indifference. Ortiz requested a hearing on his motion and sent the trial court's court coordinator a letter confirming that the motion would be heard "by written submission" on November 16 at 9:00 a.m. Ortiz attached no affidavits to his motion. *See generally*

---

[2]Rodriguez's Carrollton address that Ortiz had included in his petition was located in Denton County. Ortiz had incorrectly alleged in his motions to retain that it was located in Dallas County.

4

*Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied) ("The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required.").

In response, Graves and Vickery pointed out that the 30-day deadline to file the motion to reinstate had expired on October 5 but that the motion had not been filed until October 6; thus, they asserted that the trial court could not consider it. Graves and Vickery also argued that Ortiz had not shown that his failure to file a motion to retain was not intentional or consciously indifferent.

Fifty minutes before the November 16 hearing, Ortiz filed a verified supplement to his motion to reinstate asserting that his "claims against [Graves and Vickery could] proceed to trial in due order" even if Ortiz were unable to serve Rodriguez because Ortiz had responded to Graves and Vickery's discovery requests and because Ortiz, Graves, and Vickery had "discussed dates for deposition of the parties." Ortiz summed up his supplement by stating that he had "exercised due diligence in prosecuting the claims" as shown by his responses to Graves and Vickery's written discovery, the parties' attempts to schedule depositions, and Ortiz's amended petition. On November 16, the trial court denied Ortiz's motion to reinstate on two bases: (1) Ortiz had filed his motion to reinstate one day after the deadline to do so had expired and (2) even if the motion had been timely filed, Ortiz had not shown under Rule 165a that his failure to file a motion to retain was not

intentional or the result of conscious indifference but, rather, was due to an accident or mistake or that the failure was otherwise reasonably explained.

Ortiz appeals the dismissal order and the denial of his motion to reinstate, arguing that both were abuses of the trial court's discretion based on his asserted diligent prosecution of his claims.

## II.  PROPRIETY OF DISMISSAL

### A.  REVIEW STANDARDS

Under Rule 165a, a trial court may dismiss a case when, as relevant here, a case is not disposed of within the promulgated time standards.  Tex. R. Civ. P. 165a(2); Tex. R. Jud. Admin. 6.1(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. After a trial court gives notice of its intent to dismiss a case on this basis, it must dismiss for want of prosecution unless good cause to maintain the case on the docket is shown.  *See In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (applying good-cause standard in Rule 165a(1) to dismissals under Rule 165a(2)). Absent a reasonable explanation for the delay, a conclusive presumption arises that the plaintiff abandoned his suit.  *See id.* at 534–35.

Under a trial court's inherent authority, a trial court may dismiss if a plaintiff fails to diligently prosecute his case.  *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976).  In determining a lack of due diligence, the trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of

6

reasonable excuses for delay. *City of Hous. v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ).

We review a dismissal under either standard for a clear abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Smith v. McKee*, 145 S.W.3d 299, 302 (Tex. App.—Fort Worth 2004, no pet.). Because the trial court did not specify whether the dismissal was based on its inherent power or its Rule 165a authority, and because no party requested findings of fact and conclusions of law, we may affirm it under any applicable legal theory. *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839–40 (Tex. App.—Fort Worth 1999, no pet.).

## B. RULE 165A

The trial court dismissed Ortiz's case after he failed to file a motion to retain and did not show good cause to maintain the case on the docket. Ortiz does not argue that the promulgated time standards had not been violated or that he filed a timely motion to retain that set out good cause to retain the case. *See* Tex. R. Civ. P. 165a(2). What he seems to argue, however, is that an exception to the time standards should have been made because his diligent prosecution as shown in the record supplied the requisite good cause to thwart dismissal.[3]

---

[3]Ortiz conflates his arguments regarding Rule 165a and the trial court's inherent authority. But under a liberal construction of his arguments, we can infer that this argument applies to the Rule 165a(2) dismissal basis as well as to the inherent-authority basis. *See* Tex. R. App. P. 38.9.

7

At the time the trial court dismissed the case, Ortiz's petition had been pending for nineteen months, which exceeds the time standards for nonfamily, civil cases. *See* Tex. R. Jud. Admin. 6.1(a). The trial court had twice previously notified Ortiz that his case was subject to dismissal. Both times, Ortiz filed a motion to retain, explaining in identical language that he was trying to locate the parties. Graves and Vickery were not served for almost ten months; when they were served, it was at the same Kennedale address Ortiz had included in his petition for Graves. Ortiz never served Rodriguez and never requested the trial court to authorize an alternate method of service. The only discovery items served in the case were Graves and Vickery's requests to Ortiz. At no point did Ortiz try to conduct his own discovery. Ortiz never requested a trial setting and gave no reasonable excuse for the delay other than his asserted difficulty serving the parties.

Based on this case history, we cannot conclude that the record established good cause to continue the case on the docket notwithstanding the noncompliance with the time standards. Thus, the trial court did not abuse its discretion by dismissing Ortiz's suit under Rule 165a(2). *See, e.g.*, *Conner*, 458 S.W.3d at 535; *Whallon v. Candlelight Trails I Assoc., Inc.*, No. 01-18-00493-CV, 2019 WL 5996374, at *6 (Tex. App.—Houston [1st Dist.] Nov. 14, 2019, no pet.) (mem. op.).

## C. INHERENT AUTHORITY[4]

Ortiz argues that dismissal under the trial court's inherent authority was an abuse of discretion because "discovery had been conducted, pleadings amended[,] and additional discovery or depositions were under consideration." He admits that he had never served Rodriguez but asserts that he "was prosecuting his claims" against Graves and Vickery.

We have already rejected Ortiz's diligent-prosecution assertion in the context of Rule 165a(2)'s good-cause standard. The same conclusion applies to his due-diligence argument in the context of the trial court's inherent authority. *See, e.g.*, *Henderson v. Blalock*, 465 S.W.3d 318, 322 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Harvey v. Wetzel*, No. 03-03-00608-CV, 2004 WL 1685879, at *3–4 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op.); *Brown v. Bush*, No. 2-03-272-CV, 2004 WL 816319, at *1–2 (Tex. App.—Fort Worth Apr. 15, 2004, pet. denied) (per curiam) (mem. op.); *cf. Carter v. MacFadyen*, 93 S.W.3d 307, 314–15 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding, in the context of summary judgment, repeated ineffective attempts at service do not show due diligence if easily available and more effective alternatives are ignored).

Ortiz now attempts to argue for the first time that the COVID-19 pandemic rendered any delays reasonable as a matter of law. But Ortiz fails to explain how the

---

[4]Although we may affirm the dismissal on the basis of Rule 165a alone, *see Maida*, 990 S.W.2d at 839–40, we address the trial court's inherent authority because Ortiz's appellate arguments are intertwined and in an abundance of caution.

pandemic affected his ability to timely serve the parties or to seek alternate service. In fact, Ortiz's only reference to the pandemic was in his supplement to his motion to reinstate: "At the time [the] COVID-19 pandemic began, counsel for the parties discussed dates for deposition of the parties in this case. Because discovery has occurred, [Ortiz] anticipates that, if reinstated, the case will proceed to trial in due time." Thus, Ortiz did not assert to the trial court that the pandemic would negatively affect the timely disposition of his case or had prevented him from diligently prosecuting his case, contrary to his appellate assertions. Further, the pandemic cannot excuse any delay arising before it began, which would include the time between Ortiz's filing suit in December 2018, Ortiz's serving Graves and Vickery in October 2019, and Ortiz's amending his petition in January 2020 based on Graves and Vickery's special exceptions.

We conclude that based on the record evidence, the trial court did not abuse its discretion by dismissing Ortiz's suit under its inherent authority.

### III. PROPRIETY OF REINSTATEMENT DENIAL

#### A. FAILURE TO HOLD HEARING

As part of his argument that the trial court abused its discretion by denying his motion to reinstate, Ortiz points to the trial court's failure to hold an oral hearing on the motion. Ortiz is correct that a hearing is required on a timely filed, properly verified motion to reinstate. *See* Tex. R. Civ. P. 165a(3); *Thordson v. City of Hous.*, 815 S.W.2d 550, 550 (Tex. 1991). However, the right to a hearing may be waived. *See*

10

*Matheson v. Am. Carbonics*, 867 S.W.2d 146, 147 n.2 (Tex. App.—Texarkana 1993, no writ).

Here, Ortiz asked the trial court to set a hearing on his motion to reinstate and submitted a proposed order setting a hearing. But four days after the request, Ortiz sent a letter to the trial court that was entitled "NOTICE OF HEARING BY WRITTEN SUBMISSION" and "confirm[ed] that the Court ha[d] set a hearing by written submission on the Motion to Reinstate filed by Plaintiff in this case . . . [at] 9:00 a.m. on Monday November 16, 2020." Ortiz served a copy of this letter on Graves and Vickery. And minutes before the scheduled hearing, Ortiz filed a verified supplement to his motion, raising further factual arguments in support of his reinstatement request. At no point did Ortiz object to the trial court's holding the hearing by written submission, and it appears that he affirmatively sought to have the motion heard by written submission. Under these circumstances, we conclude that Ortiz waived his right to an oral hearing on his motion to reinstate. *See Kelly v. Cunningham*, 848 S.W.2d 370, 371 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding plaintiffs waived right to oral hearing by setting motion to reinstate on court's submission docket).

## B. TIMELINESS

The trial court ruled that it could not consider the motion to reinstate because it had been filed after the 30-day deadline had expired on October 5. *See* Tex. R. Civ. P. 4, 165a(3). Ortiz's motion to reinstate was file-stamped on October 6. However,

11

when we questioned our jurisdiction over the appeal based on the apparent late filing of the motion to reinstate, Ortiz provided an electronic-service receipt showing that he had electronically submitted the motion to the clerk's office on October 5 at 11:22 p.m. and that the motion had later been accepted on October 6 at 9:09 a.m. *See* Tex. R. Civ. P. 21(f)(5) (deeming document timely filed when transmitted to electronic filing service provider). The motion was not accepted for filing on October 5 because Ortiz had mistakenly paid an $80 filing fee when none had been due.

We conclude that the motion to reinstate was timely filed and that the trial court's contrary holding was an abuse of discretion.[5] *See, e.g.*, *NA Land Co. v. State*, 624 S.W.3d 671, 674–75 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (recognizing document deemed filed when transmitted to electronic filing service provider, not when filed by the clerk, even if document initially rejected); *Cummings v. Billman*, No. 02-20-00034-CV, 2020 WL 938172, at *2 (Tex. App.—Fort Worth Feb. 27, 2020, order) (holding motion to reinstate that was electronically transmitted to clerk but later canceled was deemed filed when transmitted under Rule 21(f)(5)), *disp. on merits*, 2021 WL 1800460, at *1 (Tex. App.—Fort Worth May 6, 2021, no pet.) (mem. op.). But because the trial court additionally denied the motion to reinstate on the basis that Ortiz had failed to meet his burden under Rule 165a(3), we must review the propriety of that denial basis as well.

---

[5]We note that Graves and Vickery do not rely on the untimeliness of the motion to reinstate to support the trial court's denial of the motion.

## C. BURDEN TO ESTABLISH GROUNDS TO REINSTATE

The denial of a motion to reinstate is also reviewed for an abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). In determining a motion to reinstate (whether the dismissal was under Rule 165a or the trial court's inherent authority), a trial court must reinstate the case if it finds that the noncompliance with the promulgated time standards was not intentional or the result of a party's conscious indifference but was due to a party's accident or mistake or that the noncompliance has been otherwise explained.[6] *See* Tex. R. Civ. P. 165a(3)–(4). The party seeking reinstatement has the burden of proof to establish the ground for reinstatement under Rule 165a. *See Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3–4 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g); *Kenley*, 931 S.W.2d at 321. After dismissal under Rule 165a(2), a plaintiff "must show good cause for the failure to prosecute the suit under the time standards promulgated by the Supreme Court." *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 165 (Tex. App.—Waco 2004, no pet.).

In his motion, Ortiz asserted that he had prosecuted his claims with due diligence and pointed to his service on Graves and Vickery, his responses to Graves and Vickery's discovery requests, his attempts to serve Rodriguez, and his amended petition based on Graves and Vickery's special exceptions. None of these actions

---

[6]A dismissal may also be based on a party's failure to appear; however, that basis is not at issue in this appeal. *See* Tex. R. Civ. P. 165a(1).

13

showed due diligence, reasonably explained his failure to prosecute his case, or showed that the delay was not intentional or the result of conscious indifference. *See Mansaray v. Phillips*, 626 S.W.3d 402, 407 (Tex. App.—Dallas 2021, no pet.); *Johnson v. Thigpen*, No. 10-06-00174-CV, 2007 WL 4157247, at *3 (Tex. App.—Waco Nov. 21, 2007, pet. denied) (mem. op.). Based on the evidence we discussed in connection with the propriety of the initial dismissal, we conclude that the trial court did not abuse its discretion by refusing to reinstate Ortiz's case. *See, e.g.*, *Keough*, 204 S.W.3d at 4–5.

## IV. CONCLUSION

Ortiz failed to diligently prosecute his case. Although he twice successfully convinced the trial court to retain his case, he delayed serving Graves and Vickery (even though they finally were served at the address listed in his petition) and he never served Rodriguez. Even after his case was dismissed, Ortiz failed to reasonably explain his failure or to show that any delay was unintentional or was not the result of conscious indifference. Thus, the trial court did not abuse its discretion, under either Rule 165a or its inherent authority, by dismissing Ortiz's case or by failing to reinstate it. We overrule Ortiz's appellate arguments and affirm the trial court's order of dismissal and order denying his motion to reinstate. *See* Tex. R. App. P. 43.2(a).

14

/s/ Brian Walker

Brian Walker
Justice

Delivered:  September 30, 2021