

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00458-CV
_____

DALE ROUSH, INDIVIDUALLY AND AS TRUSTEE OF
THE DALE ROUSH ASSETS TRUST, APPELLANT

V.

METROPOLITAN LIFE INSURANCE COMPANY
AND JOEL HART, APPELLEES

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. 4727, Honorable Ron Enns, Presiding

May 29, 2018

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE[1] and PARKER, JJ.

In this appeal the record and the parties' briefs have been filed. In our initial review of the record, we have found error that is capable of correction by the trial court. TEX. R. APP. P. 44.4. On our own motion we will therefore abate the appeal and remand the cause to the trial court for proceedings consistent with this order.

---

[1] Justice Patrick A. Pirtle, not participating.

Appellant Dale Roush, appearing individually and in a representative capacity, sued appellees Metropolitan Life Insurance Company and Joel Hart. Appellees moved to dismiss the case for want of prosecution. Following a hearing, the trial court granted the motions and dismissed the case. Roush timely filed a verified motion to reinstate the case but a hearing on that motion was not conducted and it was overruled by operation of law.[2]

Through a single issue on appeal Roush assigns error to the trial court's dismissal of his case for want of prosecution and its denial of his motion to reinstate.

When a motion to reinstate is filed the trial court clerk must deliver a copy to the judge "who shall set a hearing on the motion as soon as practicable" additionally "the court shall notify all parties or their attorneys of record of the date, time and place of the hearing." TEX. R. CIV. P. 165a(3). Consequently, a trial court must conduct an oral hearing of any timely filed motion to reinstate under Rule 165a. *Thordson v. Houston,* 815 S.W.2d 550, 550 (Tex. 1991) (per curiam) (citing *Gulf Coast Investment Corp. v. NASA 1 Business Center,* 754 S.W.2d 152, 153 (Tex. 1988) (per curiam denying writ)). The court has no discretion not to conduct an oral hearing on a motion to reinstate. *Thordson,* 815 S.W.2d at 550; *Parker v. Cain,* 505 S.W.3d 119, 123 (Tex. App.—Amarillo 2016, no pet.) (finding the hearing is mandatory and reversing and remanding in part for the trial court to conduct a hearing). While a motion for reinstatement is overruled by operation of law if not decided by a signed written order within seventy-five days of the judgment, TEX. R. CIV. P. 165a(3), the trial court must nevertheless conduct a timely oral hearing on the motion.

---

[2] *See* TEX. R. CIV. P. 165a(3) (providing motion not decided by signed written order within seventy-five days after judgment deemed overruled by operation of law).

Here it is undisputed that the trial court did not conduct an oral hearing on Roush's motion to reinstate. No reason for the omission is shown. At this stage of the appeal, the appellate rules provide a means for the trial court to conduct a hearing so that we may consider the appeal as though the oversight had not occurred. Rule 44.4 provides:

> (a) A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
> > (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
> >
> > (2) the trial court can correct its action or failure to act.
>
> (b) If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. RULE 44.4 (headings omitted).

The case is therefore abated and the cause remanded to the trial court pursuant to Rule 44.4. Within thirty days of this order the trial court shall conduct an oral hearing on Roush's motion to reinstate. The court reporter shall make a record of the hearing. Following the hearing the trial court shall sign a written order expressing its ruling on the motion to reinstate. If the trial court is required to resolve contested issues of material fact, it shall also prepare and file findings of fact and conclusions of law. A supplemental clerk's record containing the order of the trial court and any findings and conclusions it makes along with a reporter's record of the reinstatement hearing shall be filed with the Clerk of this Court within thirty days of the conclusion of the trial court's hearing.

It is so ordered.

Per Curiam