

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00458-CV

DALE ROUSH, INDIVIDUALLY AND AS TRUSTEE OF
THE DALE ROUSH ASSETS TRUST, APPELLANT

V.

METROPOLITAN LIFE INSURANCE COMPANY
AND JOEL HART, APPELLEES

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. 4727, Honorable Ron Enns, Presiding

February 26, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

In 2006, appellant Dale Roush, appearing individually and as trustee of the Dale Roush Assets Trusts, sued appellees the Metropolitan Life Insurance Company (MetLife) and Joel Hart. In 2016, the trial court dismissed Roush's suit for want of prosecution. It later overruled his motion to reinstate. On appeal, Roush argues the trial court abused its discretion by rendering these orders. Finding no abuse of discretion, we will affirm the trial court's orders.

## Background

We have a limited clerk's record in this appeal. For background we draw on facts found by the trial court after it dismissed the case for want of prosecution and after it denied Roush's motion to reinstate, as well as Roush's testimony at the reinstatement hearing.

Roush filed his lawsuit on July 10, 2006, alleging causes of action for wrongful foreclosure, conversion of personal property, and money had and received. Defendants MetLife and Hart answered. On January 14, 2009, MetLife filed traditional and no-evidence motions for summary judgment. An order denying the motions was "entered" on May 23, 2012. On October 3, 2012, the law firm representing Roush filed a motion to withdraw which was granted by order signed October 8, 2012.

Roush continued to work on the case without retaining new counsel. According to Roush's testimony, he hired an assistant to help him organize documents. He later hired a paralegal to continue the organizational work. In August 2014, Roush was involved in a motor vehicle accident in New Mexico. According to Roush's testimony, he "took a pretty hard shot." He thereafter sought the treatment of a chiropractor for neck and shoulder pain. In testimony, Roush stated he was unable to work much on the case "for probably months" after the accident.

In February 2015, Roush was involved in a second vehicle accident. He testified he suffered trauma to his neck, back, and arms. He continued treatment with his chiropractor.

Roush testified that in April 2015, he fell in the kitchen of his home, causing loss of consciousness for fifteen to twenty minutes. He was taken to the hospital by ambulance and there remained for about ten days. He then received occupational therapy "for months and months" and had shoulder surgery.

It appears there was no activity in the case from the withdrawal of Roush's counsel in October 2012 until the spring of 2016 when MetLife and Hart filed motions to dismiss for want of prosecution. At that point, the firm of attorneys formerly representing Roush reentered the case on his behalf. They filed a response to the defendants' motions and in the response requested a December 2016 jury trial setting.

By order signed June 13, 2016, the trial court dismissed Roush's case for want of prosecution. According to the order, the trial court found Roush's evidence offered to explain the delay and lack of diligence was insufficient to overcome the presumption of abandonment. Roush timely filed a verified motion to reinstate. A hearing was not held and the motion was denied by operation of law. Roush appealed. On our finding that the mandatory reinstatement hearing was not conducted by the trial court, we abated the appeal and remanded the case for a hearing.[1] After an evidentiary hearing the trial court overruled Roush's motion to reinstate. Thereafter, the record was supplemented accordingly and the appeal reinstated.

---

[1] We relied on Appellate Rule 44.4 as the means for authorizing the trial court to hold the hearing. TEX. R. APP. P. 44.4; *see Roush v. Metro. Life Ins. Co.,* 551 S.W.3d 903 (Tex. App.—Amarillo 2018, per curiam order).

Analysis

Dismissal for Want of Prosecution

By his first issue Roush argues the trial court abused its discretion by dismissing his case for want of prosecution.

Trial courts are generally granted considerable discretion in managing their dockets. *In re Conner,* 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam). We therefore review a trial court's grant of a motion to dismiss for want of prosecution under an abuse of discretion standard. *In re Fifty-One Gambling Devices,* 298 S.W.3d 768, 773 (Tex. App.—Amarillo 2009, pet. denied); *Christian v. Christian,* 985 S.W.2d 513, 514 (Tex. App.—San Antonio 1998, no pet.). A trial court abuses its discretion when it acts without reference to guiding rules or principles. *UHaul Int'l, Inc. v. Waldrip,* 380 S.W.3d 118, 132 (Tex. 2012). The burden of proof rests on a litigant asserting an abuse of discretion because there is a presumption the action of the trial court was justified. *FDIC v. Kendrick,* 897 S.W.2d 476, 479 (Tex. App.—Amarillo 1995, no writ). An abuse of discretion is generally not shown when a trial court dismisses a case on file for a lengthy period of time with little or no substantive activity and no reasonable explanation offered for the failure to prosecute. *Coello v. Labarbera,* No. 03-16-00670-CV, 2017 Tex. App. LEXIS 8067, at *10 (Tex. App.—Austin Aug. 24, 2017, no pet.) (mem. op.) (citing *Rainbow Home Health, Inc. v. Schmidt,* 76 S.W.3d 53, 56 (Tex. App.—San Antonio 2002, pet. denied)).

A delay of unreasonable duration, if not reasonably explained, will give rise to a conclusive presumption that the plaintiff abandoned the suit. *In re Conner,* 458 S.W.3d

4

at 534 (finding abuse of discretion in trial court's denial of motion to dismiss). The presumption in turn justifies dismissal of the suit for want of prosecution under either Rule 165(a)(1),(2) of the Texas Rules of Civil Procedure or an exercise of the court's inherent power. *Id.*; *see Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999) (noting the two sources of a trial courts authority for dismissing a case for want of prosecution are Rule 165a and the trial court's inherent power).

*Dismissal for Non-Compliance with Time Standards*

Under Rule 165a(2), a case may be dismissed if it is "not disposed of within time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). Rule 6.1(a) of the Texas Rules of Judicial Administration provides a disposition standard for a non-family law civil case of twelve months from appearance date for a nonjury case and eighteen months for a jury case. TEX. R. JUD. ADMIN. 6.1(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2018). However, the rule recognizes that in "especially complex cases or special circumstances it may not be possible to adhere" to the time standards. TEX. R. JUD. ADMIN. 6.1(d).

It is undisputed the underlying case was not brought to disposition within the standards of Rule 6.1. Roush therefore argues because the time standards are discretionary the trial court abused its discretion by dismissing the case given its special complexity and special circumstances. As proof Roush points to such factors as: "multiple lawyers representing the different parties, health issues of [Roush], multiple summary judgment motions, a three year delay in ruling on the summary judgment motions,

attempted consolidation with related matters, and the bankruptcy of" an otherwise unidentified entity.

No facts in this record even hint that Roush's causes of action for wrongful foreclosure, conversion of personal property, and money had and received presented the parties and court such difficult questions of law or fact as to require almost a decade to bring the case to trial. The trial court reasonably could have seen Roush's decision to pursue self-representation for almost four years as inconsistent with a contention the case was "especially complex." Further, even assuming Roush's three accidents presented an unusual state of affairs, nothing shows how these events, which occurred years after the defendants appeared, hindered disposition of the case within Rule 6.1's time standards. After Roush's counsel withdrew in 2012, almost two years passed before his first accident. Yet during that time he took no substantive action to prosecute his case. In sum, nothing in the record shows Roush's case had such complexity or presented such special circumstances as to make adherence to the standards not possible.

We find Roush did not provide a reasonable explanation justifying a finding of good cause for his failure to bring the case to trial or final disposition within the standards promulgated by the supreme court. *In re Conner,* 458 S.W.3d at 535 ("The [plaintiffs'] failure to provide good cause for their nearly decade-long delay mandates dismissal under Rule 165a(2)"). The trial court did not abuse its discretion in dismissing Roush's case for failure to comply with the time standards of Rule 6.1(a). TEX. R. JUD. ADM. 6.1(a); TEX. R. CIV. P. 165a(2).

*Dismissal Under the Trial Court's Inherent Power*

Through the exercise of its inherent power to manage its docket, a trial court may dismiss a case that has not been prosecuted with due diligence. *State v. Forty-Two Gambling Devices,* No. 07-09-00383-CV, 2011 Tex. App. LEXIS 1792, at *5 (Tex. App.—Amarillo Mar. 11, 2011, no pet.) (mem. op.) (citing *Rampart Capital Corp. v. Maguire,* 974 S.W.2d 195, 197 (Tex. App.—San Antonio 1998, pet. denied)). The due diligence determination requires consideration of the entire case history. *Dobroslavic v. Bexar Appraisal Dist.,* 397 S.W.3d 725, 729-30 (Tex. App.—San Antonio 2012, pet. denied); *Welborn v. Ferrell Enters.,* 376 S.W.3d 902, 907 (Tex. App.—Dallas 2012, no pet.). Generally, four factors guide the analysis: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) whether there exists a reasonable excuse for the delay. *Henderson v. Blalock,* 465 S.W.3d 318, 321-22 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *WMC Mortg. Corp. v. Starkey,* 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied). No single factor is controlling, however. *Blalock,* 465 S.W.3d at 321. Reasonable diligence in prosecuting a case is not established merely by a belated trial setting or an expression of readiness for trial in the face of a motion to dismiss for want of prosecution. *Dobroslavic,* 397 S.W.3d at 730 (citing *Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.)); *Pantex Sales, Inc. v. Dale Roush Farms of Texas, et al.,* No. 07-17-00401-CV, 2019 Tex. App. LEXIS 1144, at *13 n.2 (Tex. App.—Amarillo Feb. 14, 2019, n. pet. h.) (mem. op.) ("The decision in *Moore II*, effectively nullified, *sub silentio*, that portion of *Moore v. Armour & Co.,* 660 S.W.2d 577 (Tex. App.—Amarillo 1983, no writ) (*Moore I*) which held '[w]here, however, at the time of the dismissal hearing

the plaintiff has announced ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution.' *Id.*").

As noted, by the time of dismissal the case had been on file for almost a decade without a trial setting requested until counsel entered the case in 2016. To excuse inactivity, Roush argues that he was unable to prosecute his lawsuit adequately because of two motor vehicle accidents and a fall in his home. But Roush's first accident occurred in August 2014, some twenty-two months after his attorney withdrew. The trial court could have reasonably concluded that Roush failed to demonstrate he exercised reasonable diligence in prosecuting his lawsuit. And this is so even assuming the trial court, as trier of fact, accepted Roush's evidence he sustained injuries in the three accidents.

Whether dismissal was under Rule of Civil Procedure 165a(2), for failure to dispose of the case within the applicable time standard, or as an exercise of the trial court's inherent power, we find the trial court did not abuse its discretion by dismissing Roush's case for want of prosecution. Roush's first issue is overruled.

Denial of Motion to Reinstate

By his second issue Roush asserts the trial court abused its discretion by failing to reinstate the case following the hearing on his motion.

We review a trial court's ruling on a party's motion to reinstate for abuse of discretion. *Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d 467 (Tex. 1995) (per curiam). We defer to the trial court's resolution of factual disputes under that standard of review. *Henderson v. Lewis,* No. 07-14-00445-CV, 2015 Tex. App. LEXIS 5031, at *1

(Tex. App.—Amarillo May 15, 2015, no pet.) (mem. op.) (citing *In re Labatt Food Serv., L.P.,* 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding)).

Civil Rule 165a(3) provides that, after a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3). The Rule 165a(3) standard "is essentially the same as that for setting aside a default judgment." *Smith,* 913 S.W.2d at 468. Thus the evidence must show an adequate justification for the failure that negates intent or conscious indifference. *Blalock,* 465 S.W.3d at 323 (citing *Smith,* 913 S.W.2d at 468).

At the hearing on his motion to reinstate, Roush testified in some detail to relevant events during the period from October 2012, when his attorney withdrew, until April 2016. As noted, for almost two years he worked with assistants to organize documents related to this case and other cases. He testified of the debilitating effects of the three accidents. But he never explained why he took no substantive action in the case and did not seek replacement counsel until 2016 when the defendants filed motions to dismiss for want of prosecution.

In findings made in conjunction with its denial of Roush's motion to reinstate the trial court stated:

> [Roush's] failure to prosecute this case continued from 2009 through 2012 and well into 2016, when the Defendants filed their motions to dismiss for want of prosecution in March and May of 2016.
>
> As of June 1, 2016, the date of the hearing on Defendants' Motions to Dismiss for Want of Prosecution, [Roush] had failed to obtain a trial date,

9

failed to seek any additional discovery, failed to obtain a scheduling order, failed (until May 2016) to hire new counsel, and did not file any pleadings during that timeframe whatsoever. In short, [Roush] took no steps to prosecute his case.

At the time this Court dismissed this case for want of prosecution, it had been pending for almost a decade (from July 10, 2006 to June 13, 2016).

The trial court applied the "intentional or conscious indifference" standard of Rule 165a(3). It concluded Roush "offered no satisfactory explanation for his delay and failure to prosecute this case. More importantly, [Roush] has made no other showing supporting that his failure to prosecute 'was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.'"

In sum, under the Rule 165a(3) standard which the trial court applied, Roush did not present evidence of an accident or mistake that prevented him from prosecuting the case nor could the proof amount to a reasonable explanation for the protracted case inactivity. The evidence was insufficient to require reinstatement. We accordingly find the trial court did not abuse its discretion in overruling Roush's motion to reinstate. Roush's second issue is overruled.

Conclusion

Having overruled Roush's appellate complaints, we affirm the trial court's dismissal order.

James T. Campbell
Justice

10