

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00113-CV

PNC EQUIPMENT FINANCE, LLC, Appellant

V.

MATTHEW WARD HANNA, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV-41330

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

PNC Equipment Finance, LLC (PNC), sued Matthew Ward Hanna to recover sums owed under certain lease and loan/lease Agreements. Hanna filed a motion to dismiss for want of prosecution, which the trial court granted. PNC filed a verified motion to reinstate, which the trial court denied without a hearing. In this appeal, PNC asserts that the trial court abused its discretion in dismissing its claims, in denying its motion to reinstate, and in denying its request for a hearing on its motion to reinstate. Because the trial court's error in denying a hearing on PNC's motion to reinstate prevents the proper presentation of this case on appeal, we abate this case and remand it to the trial court to conduct a hearing on PNC's motion to reinstate. *See* TEX. R. APP. P. 44.4; *Roush v. Metro. Life Ins. Co.*, 551 S.W.3d 903, 904–05 (Tex. App.—Amarillo 2018, no pet.).

"Rule 165a(3) provides that a judge *shall* set a hearing on a motion to reinstate as soon as practicable and notify all parties or their attorneys of record of the date, time, and place of the hearing." *Matheson v. Am. Carbonics*, 867 S.W.2d 146, 147 (Tex. App.—Texarkana 1993, no writ) (citing TEX. R. CIV. P. 165a(3)). The Texas Supreme Court has held that it is not within a trial court's discretion to fail to hold an oral hearing on the motion to reinstate and that the rule requires an oral hearing on any timely motion to reinstate filed under Rule 165a. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam); *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (per curiam); *Matheson*, 867 S.W.2d at 147.

Rule 44.4 provides:

(a)     *Standard for Reversible Error*.   A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

     (1)     the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

     (2)     the trial court can correct its action or failure to act.

(b)     *Error Affecting Only Part of Case*.   If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error.   The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.  Since the trial court's erroneous denial of an oral hearing prevents the proper presentation of this case in this Court, and the trial court can correct its erroneous action, abatement of this case and remand to the trial court to conduct an oral hearing on PNC's motion to reinstate is the proper course of action.  *Roush*, 551 S.W.3d at 905.  *See Thordson*, 815 S.W.2d at 550 (remanding to trial court to conduct hearing on motion to reinstate).

We therefore abate this case and remand it to the trial court pursuant to Rule 44.4.  Within thirty days of this order, the trial court shall conduct an oral hearing on PNC's motion to reinstate.  The court reporter shall make a record of the hearing.  Following the hearing, the trial court shall sign a written order expressing its ruling on the motion to reinstate.

A supplemental clerk's record containing the order of the trial court and any findings of fact and conclusions of law it makes, and a supplemental reporter's record of the reinstatement hearing, shall be filed with the Clerk of this Court within thirty days of the conclusion of the trial court's hearing.  All appellate timetables are stayed and will resume upon our receipt of the supplemental clerk's and reporter's records.

3

IT IS SO ORDERED.

BY THE COURT

Date:  June 21, 2019