

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00123-CV

———————————————

HEATHER MORTELL, Appellant

V.

DANIEL JESSIE PRUETT AND BONITA POLK STEGER, Appellees

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-17-0812

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Heather Mortell sued appellees Daniel Jessie Pruett and Bonita Polk Steger for damages arising out of a motor-vehicle collision. Over a year later, the trial court sent the parties a "Notice of Intent to Dismiss," stating that the case was eligible for dismissal for want of prosecution and setting a docket call. When none of the parties filed a motion to retain or appeared at the docket call, the trial court signed an order dismissing the case for want of prosecution.

Mortell timely filed a verified motion to reinstate the case and asked the trial court to set the motion for a hearing. *See* Tex. R. Civ. P. 165a(3). The trial court denied the motion without a hearing. Mortell appealed from the dismissal order, contending in one of her issues that the trial court abused its discretion by denying her motion to reinstate without holding a hearing on the motion.

Because the trial court's error in failing to hold a hearing[1] prevented the proper presentation of this case on appeal and the trial court could correct that error, we abated the appeal and remanded the case to the trial court to conduct an oral hearing

---

[1] When a party files a verified motion to reinstate, the trial-court clerk must deliver a copy to the judge, "who shall set a hearing on the motion as soon as practicable." Tex. R. Civ. P. 165a(3). Additionally, the court is required to "notify all parties or their attorneys of record of the date, time and place of the hearing." *Id.* Consequently, a trial court must conduct an oral hearing on any timely filed motion to reinstate under Rule 165a. *See Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991); *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988). "It is not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate [under Rule 165a]." *Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.).

on Mortell's motion to reinstate. *See* Tex. R. App. P. 44.4; *Roush v. Metro. Life Ins.*, 551 S.W.3d 903, 905 (Tex. App.—Amarillo 2018, order) (per curiam) (abating appeal under Rule 44.4 for mandatory hearing on motion to reinstate under Rule 165a). In accordance with our abatement order, the trial court heard Mortell's motion to reinstate. The trial court granted the motion and set the case for trial.

After the appeal was automatically reinstated upon the filing of supplemental clerk's and reporter's records, we informed the parties that it appeared that the trial court's granting Mortell's motion to reinstate rendered this appeal moot. We warned the parties that the appeal would be dismissed as moot unless any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. None of the parties filed a response.

Accordingly, on this court's own motion, we dismiss the appeal as moot. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Chancellor v. JPMorgan Chase Bank, N.A.*, No. 02-10-00394-CV, 2010 WL 4676927, at *1 (Tex. App.—Fort Worth Nov. 18, 2010, no pet.) (mem. op.) (dismissing appeal as moot after trial court granted appellant's motion to reinstate).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: October 31, 2019

3